ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| North Wind Construction Services, LLC | ) ASBCA Nos. 63641, 63642, 63733 |
| | ) 63750, 63751, 63759 |
| | ) 63760, 63761, 63762 |
| | ) |
| Under Contract No. W91237-21-C-0003 | ) |

APPEARANCES FOR THE APPELLANT:     Dana W. Lang, Esq.
 Womble Bond Dickinson (US) LLP
 Charleston, SC

               Joshua A. Mullen, Esq.
               Joshua R. Funderburke, Esq.
                Womble Bond Dickinson (US) LLP
                Nashville, TN

APPEARANCES FOR THE GOVERNMENT:     Michael P. Goodman, Esq.
 Engineer Chief Trial Attorney
 Matt D. Coakley, Esq.
 Joshua J. McCarroll, Esq.
 Jack D. Myers, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineers District, Huntington

OPINION BY ADMINISTRATIVE JUDGE MELNICK DENYING THE
GOVERNMENT'S MOTION TO DISMISS ASBCA NOS. 63760 AND 63761[1]

On July 15, 2021, the Army Corps of Engineers (government) awarded North Wind Construction Services, LLC (NWCS) the contract identified above for the design and construction of a seepage barrier at the Portsmouth, Ohio levee (ASBCA No. 63760 compl. ¶¶ 4, 7). Among other things, NWCS and the government subsequently disagreed about the construction of a site access point and a demonstration section of the barrier. On July 19, 2023, NWCS submitted a certified claim for $867,306.18 in costs building a haul road related to the access dispute (R4, tab 164; ASBCA No. 63761 compl. ¶ 30). On August 14, 2023, the contracting officer notified NWCS that the final decision would not be issued until February 15, 2024.

---

[1] The government's motion originally also moved to dismiss ASBCA Nos. 63759 and 63762, but as noted herein, that portion of the motion has been effectively withdrawn.

The contracting officer failed to provide any supportive explanation for that date. (R4, tab 174; ASBCA No. 63761 compl. ¶ 31) On November 20, 2023, NWCS submitted a notice of appeal, which has been docketed as ASBCA No. 63761.

On October 26, 2023, NWCS submitted a certified claim for $962,775.46 in extended general conditions costs associated with the access and demonstration section disputes (R4, tab 182; ASBCA No. 63760 compl. ¶ 60). On October 30, 2023, the contracting officer notified NWCS that the final decision would not be issued before February 15, 2024. The contracting officer failed to provide any supportive explanation for that date. (R4, tab 183; ASBCA No. 63760 compl. ¶ 61) On November 20, 2023, NWCS submitted a notice of appeal, which has been docketed as ASBCA No. 63760.

The two appeals (as well as other related ones, including ASBCA Nos. 63759 and 63762) have been consolidated.

By motion filed December 20, 2023, the government sought the dismissal of four of the consolidated appeals (ASBCA Nos. 63759, 63760, 63761, and 63762) for lack of jurisdiction because they were filed before the February 15, 2024, date that the contracting officer established to issue a decision. It later conceded that its motion should be denied for two of the appeals (ASBCA Nos. 63759 and 63762) which we deem as a withdrawal of its motion for those appeals (gov't filing dtd. March 18, 2024). For the remaining two, the government relies upon 41 U.S.C. § 7103(f)(2)-(3), providing that, upon notice to the contractor issued within 60 days of claim submission, the contracting officer's decision upon a claim exceeding $100,000 may be issued within a reasonable time, accounting for size, complexity, and adequacy of information provided. This contrasts with claims for $100,000 or less, which must be decided upon the contractor's request within 60 days of receipt by the contracting officer. 41 U.S.C. § 7103(f)(1). The government's motion notes that both appeals concern claims exceeding $100,000, and that delaying decisions until February 15, 2024, was reasonable because the contracting officer required that time to study lengthy exhibits and consult with technical experts. It offered no evidence, such as a declaration or affidavit from the contracting officer, supporting that assertion. Failure by the contracting officer to issue a decision on a claim within the required time is deemed to be a denial of the claim and authorizes an appeal. 41 U.S.C. § 7103(f)(5).

After appellant opposed the government's motion, the government's February 20, 2024, reply notified us that the contracting officer denied both claims on February 15.[2]

---

[2] The appellant filed an additional surresponse followed by a government surreply that we have also considered.

The Board has dismissed as premature appeals filed well before a reasonable time established by the government under 41 U.S.C. § 7103(f)(2)-(3). *See Def. Sys., Co.*, ASBCA No. 50534, 97-2 BCA ¶ 28,981 at 144,327. However, the analysis is performed on a case by case basis. *See Volmar Constr., Inc.*, ASBCA No. 60710-910, 16-1 BCA ¶ 36,519 at 177,905. Initially, "our inquiry . . . is whether or not at the time of the appeal, the contracting officer had exceeded the reasonable time permitted by [the CDA], and not whether the date the contracting officer set for the issuance of the decision is reasonable." *Fru-Con*, *Constr. Corp.*, ASBCA No. 53544, 02-1 BCA ¶ 31,729 at 156,757. NWCS filed ASBCA No. 63761 124 days after submitting its claim. Because the government failed to present any evidence, either in its notification of the date it would issue a decision or with its briefing here, supporting the reasonableness of the decision date the contracting officer established, its arguments for reasonableness are fact free and therefore we cannot conclude its inaction by the appeal date was reasonable. The absence of testimony from the contracting officer supporting government counsel's arguments is deafening. Accordingly, ASBCA No. 63761 was deemed denied by the time NWCS appealed and we possess jurisdiction over it.

In contrast, NWCS filed its notice of appeal in ASBCA No. 63760 less than 30 days after submitting its claim to the contracting officer, which is not even within the default period provided by the CDA for a claim less than $100,000. We conclude the contracting officer had yet to exceed a reasonable time to decide that claim when NWCS brought this appeal. However, our inquiry is not complete. We have held that if, by the time a motion to dismiss is considered, an unreasonable time has elapsed without a decision, no useful purpose would be served by dismissing the appeal and requiring a refiling. *Id.* To do so would be both inefficient and put form over substance since the appellant would be free to immediately refile. *See Ensign-Bickford Aerospace & Def. Co.*, ASBCA No. 58671, 14-1 BCA ¶ 35,599 at 174,409; *Fru-Con*, 02-1 BCA ¶ 31,729 at 156,757; *see also Delta Indus., Inc.*, ASBCA No. 61670, 19-1 BCA ¶ 37,224 at 181,204-05. Though here the government issued a claim denial in ASBCA No. 63760 on February 15, 2024, 112 days after the claim was submitted and just before the briefing of this motion was complete, we have no basis to conclude it did so within a reasonable period of time. Therefore, the claim was already deemed denied before the contracting officer issued the denial and we could consider this motion. To dismiss the appeal today would again put form over substance since NWCS could refile it tomorrow. The government weakly suggests that both the

parties and the Board would benefit from such an act because NWCS could then incorporate any aspect of the government's denial it found persuasive into its new filing to narrow the appeal's scope. We need not dismiss the appeal for NWCS to do that should it wish.

The government's motion to dismiss ASBCA Nos. 63760 and 63761 is denied.

Dated: April 3, 2024

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 63641, 63642, 63733, 63750, 63751, 63759, 63760, 63761, 63762, Appeals of North Wind Construction Services, LLC, rendered in conformance with the Board's Charter.

Dated: April 3, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4